ASHWORTH TRANSFER, INC., a corporation, and Savage Brothers, Inc., a corporation, Plaintiffs,

v.

PUBLIC SERVICE COMMISSION of Utah, Milly O. Bernard, Olaf E. Zundel, and Kenneth Rigtrup, Commissioners of the Public Service Commission of Utah, and A. Brent Draper dba A. Brent Draper Trucking, Defendants.

No. 15255.

Supreme Court of Utah.

Jan. 30, 1978.

Robert B. Hansen, Atty. Gen., Leon Halgren, Asst. Atty. Gen., Harry D. Pugsley, Watkiss & Campbell, Salt Lake City, for plaintiffs.

Noall T. Wootton, Utah County Atty., American Fork, Lon Rodney Kump, Salt Lake City, for defendants.

PER CURIAM:

The Public Service Commission of Utah granted a certificate to A. Brent Draper for the transportation of bagged cement from Salt Lake City, Utah, to various points in Davis, Weber, and Salt Lake Counties. No appeal from that order is made; but the protestants, Ashworth Transfer, Inc. and Savage Brothers, Inc., have appealed from a finding made by the Public Service Commission of Utah which reads as follows:

> Without prior approval from this Commission the three principal owners of Savage Brothers, Inc., Neal Savage, Luke Savage and Ken Savage, have purchased the controlling stock and are actively in control of the voting stock of Ashworth Transfer, Inc., contrary to Sections 54–4–29 and 54–4–30 of the Utah Code Annotated 1953, without a hearing thereon and without the consent and approval of this Commission.

The two sections cited in the finding read thus:

> 54–4–29 . . . Hereafter no public utility shall purchase or acquire any of the voting securities or the secured obligations of any other public utility engaged in the same general line of business without the consent and approval of the public utilities commission, which shall be granted only after investigation and hearing and finding that such purchase and acquisition of such securities, or obligations, will be in the public interest.

> 54–4–30 . . . Hereafter no public utility shall acquire by lease, purchase or otherwise the plants, facilities, equipment of properties of any other public utility engaged in the same general line of business in this state, without the consent and approval of the public utilities commission. Such consent shall be given only after investigation and hearing and finding that said purchase, lease or acquisition of said plants, equipment, facilities

and properties will be in the public interest.

The appellants assert that the statutes do not prevent the same people from owning stock in the two separate corporations and that is true whether the ownership is partial or whole.

We are not concerned with the findings made by the Commission except as such findings may be necessary to sustain the order made. In this matter both Savage Brothers, Inc. and Ashworth Transfer, Inc. were permitted to protest the granting of a certificate to A. Brent Draper. The finding to the effect that the protestants had violated the law was an unnecessary finding and not essential to sustain the order made. We do not understand why it was made or why it is sought to be corrected on appeal. That finding is not res judicata, and if and when the question ever arises, it will be soon enough to decide whether or not the cited statutes have been violated.

The order granting a certificate to A. Brent Draper is affirmed. No costs are awarded.